UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x
LOCAL 363, UNITED ELECTRICAL WORKERS OF
AMERICA, INTERNATIONAL UNION OF
JOURNEYMEN AND ALLIED TRADES, UNITED
WELFARE FUND, SECURITY DIVISION, and the
trustees thereof, and UNITED WELFARE FUND,
WELFARE DIVISION, and the trustees thereof,

       Petitioners,

 -against-

LASER LITE ELECTRICAL, INC.,

       Respondent.
-----------------------------------------------------------------------x

SUPPLEMENTAL
REPORT &
RECOMMENDATION
17-CV-0267 (DLI) (SMG)

GOLD, STEVEN M., U.S. Magistrate Judge:

  By Order dated March 30, 2018, Chief United States District Judge Dora L. Irizarry adopted a Report and Recommendation I had previously issued. Chief Judge Irizarry noted, however, that the Report was silent with respect to both prejudgment and post-judgment interest, and referred the matter to me for consideration of both.

  This action is brought pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185 *et seq.*, to confirm and enforce a labor arbitration award. Pet. ¶ 1, Docket Entry 1. As Chief Judge Irizarry noted, "whether to grant prejudgment interest on arbitration awards is left to the district court's discretion." *New York City & Vicinity Dist. Council of Carpenters v. Golden Dev. & Constr. Corp.*, 2016 WL 4523927, at *3 (E.D.N.Y. Aug. 22, 2016).

  Defendant defaulted in this action, and my Report and Recommendation was issued pursuant to petitioners' motion for entry of a default judgment. Petitioners' motion does not seek

prejudgment interest on the arbitration award. Proposed Order and Judgment, Docket Entry 12-2. Generally, a court will not award relief that a plaintiff has not sought. *Zhen Ming Chen v. New Fresco Tortillas Taco LLC*, 2015 WL 5710320, at *8 (S.D.N.Y. Sept. 25, 2015), *report and recommendation adopted by* 2017 WL 818469 (S.D.N.Y. Mar. 1, 2017). Accordingly, I respectfully recommend that no prejudgment interest be awarded.

Post-judgment interest, by contrast, is provided for by statute and therefore mandatory. 28 U.S.C. § 1961; *Carte Blanche (Singapore) Pte., Lted. v. Carte Blanche Int'l, Ltd.*, 888 F.2d 260, 268 (2d Cir. 1989). Indeed, post-judgment interest may be recovered even where the judgment at issue does not expressly provide for it. *See, e.g.*, *Greenway v. Buffalo Hilton Hotel*, 143 F.3d 47, 55 (2d Cir. 1998) (holding plaintiff was entitled to post-judgment interest pursuant to Section 1961 even though district court's judgment was silent with respect to it); *Dunn v. HOVIC*, 13 F.3d 58, 62 (3d Cir. 1993) (noting that "post-judgment interest is awarded by statute as a matter of law so it is automatically added, whether or not the district court orders it"); *Tinsley v. Sea-Land Corp.*, 979 F.2d 1382, 1384 (9th Cir. 1992) (holding that "[i]nterest accrues from the date of a judgment whether or not the judgment expressly includes it, because such interest follows as a legal incident from the statute providing for it" (internal citation and quotation marks omitted)).

The interest rate provided in Section 1961(a) applies to judgments confirming arbitration awards, even where the arbitral award under review purports to provide for a different rate of interest. *Carte Blanche*, 888 F.2d at 268; *see also McCabe Hamilton & Renny Co., Ltd. v. Int'l Longshore & Warehouse Union*, 557 F. Supp. 2d 1171, 1187 (D. Haw. 2008) (holding that "Section 1961 applies to the confirmation of an arbitration award"); *Mantle v. Upper Deck Co.*, 956 F. Supp. 719, 739-40 (N.D. Tex. 1997) (awarding post-judgment interest at the rate specified

in Section 1961 even where arbitral tribunal specified a different rate). I therefore recommend that post-judgment interest be awarded, from the date final judgment is entered until the date the judgment is paid, at the rate provided in 28 U.S.C. § 1961(a).

Any objections to the recommendations made in this Report must be made within fourteen days after filing of this Report and Recommendation and, in any event, on or before April 16, 2018. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (discussing waiver under the former ten-day limit). Petitioners shall forthwith serve copies of this Report and Recommendation upon respondent Laser Lite at its last known address and file proof of service with the Court.

          SO ORDERED.

          /s/
          Steven M. Gold
          United States Magistrate Judge

Brooklyn, New York
April 2, 2018

*U:\ZAK 2016-2017\Local 363 v. Laser Lite Electrical, Inc. (17cv267) (DLI)\Default Judgment Supplemental R&R - Laser Lite Final.docx*